# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0692V

|  |  |
|---|---|
| LINDA LYKINS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 18, 2026 |

*Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On January 12, 2021, Linda Lykins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury following an influenza vaccination on September 11, 2019. Petition at ¶2, 4, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 14, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her shoulder injury. On February 17, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,819.72, comprised of $100,000.00 for pain and suffering and $819.72 for past unreimbursed expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $100,819.72, comprised of $100,000.00 for pain and suffering and $819.72 for past unreimbursed expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| LINDA LYKINS, | |
| Petitioner, | No. 21-692V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION**

On January 12, 2021, Linda Lykins ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act") alleging that she suffered left shoulder and arm pain that was caused-in-fact by an influenza ("flu") vaccine she received on September 11, 2019. ECF No. 1 at 4. On June 20, 2024, petitioner filed a Motion for a Ruling on the Record ("Motion"), arguing that she had established entitlement to compensation for both a causation-in-fact claim and a claim of Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined by the Vaccine Injury Table. ECF No. 57. Respondent filed his Response to Petitioner's Motion on July 30, 2024, recommending that entitlement to compensation be denied. ECF No. 58. On October 14, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 60.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's October 14, 2025, entitlement decision.

## I.    Compensation

### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $819.72.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## II.   Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

> A lump sum payment of **$100,819.72** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Linda Lykins.

> Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/Camille M. Collett
By s/ Madelyn E. Weeks
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4098
Email: Camille.M.Collett@usdoj.gov

Dated:  February 17, 2026